# IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

| | |
|---|---|
| MANN BRACKEN, L.L.P.<br>702 KING FARM BLVD.<br>ROCKVILLE, MD 20850<br><br>Plaintiff<br><br>v.<br><br>LDG FINANCIAL SERVICES, L.L.C.<br>4553 WINTERS CHAPEL ROAD<br>SUITE 200<br>ATLANTA, GA 30360<br><br><br>**PLEASE SERVE:**<br><br>THE CORPORATION TRUST<br>INCORPORATED, RESIDENT AGENT<br>300 E. LOMBARD STREET<br>BALTIMORE, MD 21202<br><br>Defendant | Case No: V315922<br><br>f,(ed) on. 06/26/09 |

## COMPLAINT

### COUNT I

### (NEGLIGENT MISREPRESENTATION)

Mann Bracken, L.L.P., Plaintiff sues Defendant LDG. Financial Services, L.L.C. and as grounds therefore states as follows:

1.   Mann Bracken, L.L.P. ("Mann Bracken") is a limited liability partnership organized under the laws of the State of Delaware and is the successor in interest by way of merger to the law firm of Wolpoff & Abramson, L.L.P. ("W&A"). As successor, Mann Bracken has title to and can assert rights in all property, including claims, unliquidated that W&A owned as of the date of the merger, July 1, 2008.

2.      Mann Bracken is a multi-state law firm whose practice primarily devoted to creditor rights and consumer debt collection.

3.      Defendant LDG Financial Services, L.L.C. ("LDG") is a Georgia Corporation registered to do business in the State of Maryland.

4.      LDG operates as a collection agency and/or a third party debt buyer that purchases delinquent credit accounts for collection.

5.      On or about May 18, 2006, W&A was retained by its client, Palisades Collection, L.L.C. ("Palisades") to pursue collection and/or litigation against a Stacy R. Rogers a/k/a Stacy Hammer in connection with an account Palisades acquired by assignment from AT&T.

6.      Prior to the time that Palisades acquired hammer's AT&T debt, the debt was owned by LDG.

7.      W&A commenced litigation on behalf of Palisades against Hammer by filing a suit in the Justice Court Precinct No. 2-1, Travis County, Texas (Cause No. 47291).

8.      Hammer defended the lawsuit and asserted that she had previously settled her AT&T debt by a payment to LDG in May 2005 at a time that LDG was the owner of the AT&T debt.

9.      Although Hammer contended that she paid her AT&T debt to LDG, LDG subsequently assigned, for value, all of its right, title and interest in and to the AT&T account which it had acquired from the original creditor to Palisades between May 27, 2005 and May 18, 2006.

10.     At the time LDG transferred its ownership interest in Hammer's AT&T account to Palisades, LDG expressly and/or impliedly represented and warranted that it was the true and correct owner of the account and that the debt was justly owing.

11.     LDG knew or should have known that Palisades would take steps to pursue collection of Hammer's AT&T account by retaining attorneys who would file suit on the account and knew or

2

should have known that Palisades lawyers would likewise rely on the express or implied representations of ownership and validity of the debt.

12.     W&A, as counsel for Palisades, reasonably relied upon the representation made by LDG as seller to its client Palisades in pursuing litigation against Hammer on the AT&T account.

13.     LDG further knew or should have known that W&A's pursuit of litigation against Hammer would be unsuccessful based upon the fact that she had settled her account with LDG.

14.     W&A was forced to abandon the claim it filed on behalf of Palisades against Hammer on the AT&T account based on Hammer's defense of payments made to LDG.

15.     Hammer then filed a lawsuit in the State of Texas against W&A, which is now being defended by Mann Bracken as the successor in interest to W&A. In her suit, Hammer asserts that the W&A engaged in improper debt collection activities in violation of state law by filing suit on a debt that Hammer had paid to LDG.

16.     That as a direct and proximate result of the Hammer's filing of a lawsuit against W&A, the Plaintiff has sustained damages in the form of payment of attorney fees for the defense of the lawsuit by Hammer.

WHEREFORE, Plaintiff demands judgment against the Defendant in the sum of $150,000.00, plus costs of suit.


## COUNT II

## (DECLARATORY RELIEF)

17.     Plaintiff hereby realleges and incorporates by reference all material allegations set forth in Count I of this Complaint.

3

18. That there is a genuine case and controversy between the parties as to LDG's obligation to pay, reimburse and/or indemnify Mann Bracken for its expenses and/or damages in connection with suit filed by Hammer.

19. Plaintiff is entitled to declaratory relief against Defendant in the form of an order determining that the Defendant is responsible for indemnification to the Plaintiff for all of its attorney fees incurred in defending the suit filed by Hammer and/or in connection with payment of any damages incurred by Hammer.

WHEREFORE, your Plaintiff prays that this Court enter an order of declaratory relief in favor of the Plaintiff and for such other further and additional relief as justice may require.

THE LAW OFFICES OF RONALD S. CANTER, LLC

Ronald S. Canter, Esquire
11300 Rockville Pike, Suite 1200
Rockville, MD 20852
Telephone: 301-770-7490
Facsimile: 301-770-7493
E-Mail: rcanter@roncanterllc.com
Attorney for Plaintiff

4